## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THERESA M DURAN,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF JUSTICE,
　　　　　　Agency.

DOCKET NUMBER
DE-531D-16-0329-P-1

DATE: June 26, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Stephen Goldenzweig</u>, Esquire, Bellaire, Texas, for the appellant.

<u>Jennifer A. Weger</u>, Esquire, Washington, District of Columbia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the addendum initial decision, which denied her motion for compensatory damages. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The appellant filed an appeal of the agency's final decision to deny her a within-grade increase. *Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0329-I-1, Initial Appeal File, Tab 1. After a hearing, the administrative judge reversed the agency's decision and found that the agency had retaliated against the appellant for activity protected under Title VII and the Rehabilitation Act. *Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0329-I-2, Appeal File, Tab 75, Initial Decision. On October 31, 2017, the initial decision became the Board's final decision when neither party petitioned for review. *See* 5 C.F.R. § 1201.113.

¶3      On January 2, 2018, the appellant filed a motion for compensatory damages. *Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0329-P-1 (P-1) File, Tab 1. The administrative judge issued an addendum initial decision denying the appellant's motion as untimely. P-1 File, Tab 10, Addendum Initial Decision (AID). The appellant has filed a petition for review, the agency has filed a response in opposition, and the appellant has filed a reply. Addendum Petition for Review (APFR) File, Tabs 1, 3-4.

## ANALYSIS

¶4      An appellant who prevails in an appeal before the Board based on a finding of intentional discrimination or retaliation prohibited under Title VII or the Rehabilitation Act may recover compensatory damages from an agency pursuant to the Civil Rights Act of 1991. 42 U.S.C. § 1981a; *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106-06 (1997); *Hocker v. Department of Transportation*, 63 M.S.P.R. 497, 504-05 (1994); 5 C.F.R. § 1201.202(c). The issue of compensatory damages is generally addressed in an addendum proceeding after the merits of the appeal have been decided. 5 C.F.R. § 1201.204(d). Nevertheless, the Board's regulations require that a request for compensatory damages be made during the proceeding on the merits, no later than that end of

the conference held to define the issues in the case. 5 C.F.R. § 1201.204(a)(1). This time limit may be waived for good cause shown, provided the waiver would not result in undue prejudice to the agency. 5 C.F.R. § 1201.204(a)(2).

¶5      In this case, it is undisputed that the appellant's request for damages was untimely. 5 C.F.R. § 1201.204(a)(1). AID at 3. The administrative judge found that there was not good cause to waive the filing deadline, chiefly because the appellant was represented at all times by attorneys who should be familiar with the procedures for requesting compensatory damages. AID at 4-5. On petition for review, the appellant disputes the administrative judge's good cause analysis.

¶6      We agree with the administrative judge that the 7-month delay in filing the damages motion weighs against a finding of good cause. *See Dizon v. Office of Personnel Management*, 77 M.S.P.R. 118, 119 (1997) (7-month delay in filing a petition for review "significant and not minimal"). We also agree that the fact that the appellant was not acting pro se, but instead had attorney representation, does not weigh in her favor. *See Thomas v. Department of the Interior*, 92 M.S.P.R. 165, ¶ 6 (2020).

¶7      Nevertheless we find that good cause exists because at no time during the course of the merits proceedings did the appellant receive notice of the time limit for requesting compensatory damages.[2] Given the lack of notice and considering the circumstances of the case, including that the appellant pursued her appeal diligently throughout, meeting all of the relevant deadlines, including the deadline for filing her motion for compensatory damages under 5 C.F.R. § 1201.204(e), we find good cause to waive the deadline set forth in 5 C.F.R. § 1201.204(a). *See Calhoon v. Department of the Treasury*, 90 M.S.P.R. 375, ¶ 14 n.7 (2001).[3] We find that the agency will not be prejudiced by this waiver.

---

[2] The administrative judge found that such notice is not required by statute. AID at 4. We agree. However, we find that the absence of a statutory or regulatory notice requirement is not dispositive. *See Hawkes v. Department of Agriculture*, 103 M.S.P.R. 345, ¶ 9 (2006).

**ORDER**

¶8     For the reasons discussed above, we waive the deadline for filing a request for compensatory damages and remand this case to the field office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.

---

[3] The administrative judge considered *Calhoon* but distinguished it on the basis that the appellant in that case was pro se.  AID at 4.  However, even if the equities in *Calhoon* were stronger in that regard, the equities in the instant appeal, particularly the lack of notice, are still sufficient to warrant a waiver.  The status of an appellant's representation is just one factor among many that the Board will consider in a good cause analysis.  *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).